**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FILED
SCRANTON

MAR 20 2026

PER_____

DEPUTY CLERK

FRANK TUFANO,                          :
                                       :
              Plaintiff                :
                                       :
    v.                                 :  3:25-CV-1400
                                       :  (JUDGE MARIANI)
PAUL SALADINO, MD, *et al.*,           :
                                       :
              Defendants               :

## ORDER

**AND NOW, THIS** 20TH **DAY OF MARCH, 2026**, upon review of Magistrate Judge Leo Latella's Report & Recommendation ("R&R") (Doc. 6) for clear error or manifest injustice,[1] **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 6) is **ADOPTED** for the reasons stated therein.

2. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

---

[1] If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3. Here, following the issuance of the R&R, Plaintiff filed a "Response to Report and Recommendations by Judge Latella" (Doc. 8, at 1) and "Brief in Support of Motion for Leave to File Third Party Complaint" (Doc. 7; Doc. 8 at 2). Plaintiff's filings are insufficient to rise to the level of one or more Objections to the R&R. Tufano's one-page, near-identical, filings reference the R&R's "comprehensive and detailed reasoning for why [his] claims are not admissible" but assert that "clear wrongdoing" has nonetheless been committed against him and that he would "prefer this matter to be determined by a trial of his peers as opposed to any individual judge." (*See* Doc. 8, at 1; *see also*, Doc. 7). Plaintiff's filings do not reference any specific portions of the R&R to which objection is made or set forth any statement or assertion which would alter the correctness of the pending R&R or affect this Court's review of the R&R. The Court thus need not engage in a *de novo* analysis. Nonetheless, upon review of the relevant documents, even if this Court applied a *de novo* review, the result would be the same.

3. The Clerk of Court is directed to **CLOSE** the above-captioned action.

Robert D. Mariani
United States District Judge